THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM LEE GRANT, II, | CASE NO. C19-1752-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CENTRAL INTELLIGENCE AGENCY *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On October 31, 2019, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that, in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a

claim. *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's complaint does not contain grounds showing that he is entitled to relief. (*See* Dkt. No. 4.) Plaintiff names "Central Intelligence Agency et al." as Defendants. (*See id*. at 1.) But Plaintiff's complaint appears to generally consist of copies of complaints he has previously filed in various other courts, which appear to allege wrongdoing by the State of Illinois, various Illinois state agencies and employees, the Illinois Attorney General, The U.S. Department of Justice, and the U.S. Department of Defense. (*See generally id*.) Plaintiff has also included, *inter alia*, many unrelated statements about prominent political figures, the United States' involvement in various conflicts, and other courts' dismissals of Plaintiff's prior lawsuits as frivolous or malicious. (*See generally id*.)

At one point, Plaintiff alleges that "[t]he U.S. Department of Defense (DoD) spent $2 billion to create Mr. Grant" and that "[t]he DoD kept Mr. Grant in Illinois under threat of military force for nearly thirty (30) years." (*See id*. at 4; *see also id*. at 10–12) (describing alleged actions of DoD and Illinois agencies against Plaintiff in Illinois). These allegations are insufficient to establish a cognizable claim under § 1985(3) against the named Defendants.[1]

Although the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint no later than 14 days from the date of this order. In his amended complaint, Plaintiff must provide the Court with a

---

[1] A more coherent statement of Plaintiff's claims may be found in his motion to proceed in forma pauperis, which names the Central Intelligence Agency and the Special Collection Service as Defendants and alleges that Plaintiff's claims under 42 U.S.C. § 1985(3) arise from being "held in Illinois for nearly thirty years, and deprived of constitutional rights." (*See* Dkt. No. 1 at 1.) But Plaintiff's complaint do not set forth a short and plain statement sufficient to state a cognizable claim under § 1985 against the named Defendants. See Fed. R. Civ. P. 8(a)(2).

MINUTE ORDER
C19-1752-JCC
PAGE - 2

short and plain statement of his claim, supported by facts. He must also show how each Defendant is liable for the underlying conduct. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 8th day of November 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk