THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM LEE GRANT II, | CASE NO. C19-1752-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF ILLINOIS, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. On October 31, 2019, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) On November 8, 2019, the Court, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), found that Plaintiff had failed to state a claim against various named Defendants. (*See* Dkt. No. 9.) The Court directed Plaintiff to file an amended complaint showing how each Defendant is liable for the conduct alleged in Plaintiff's complaint. (*See id.*)

On November 20, 2019, Plaintiff filed an amended complaint that names the State of Illinois as the only Defendant. (*See* Dkt. No. 10.) Plaintiff now appears to assert that various Illinois state agencies retaliated against him for filing a civil rights complaint with the Illinois Department of Transportation and an ethics complaint with the Office of Executive Inspector General, that he has not been paid for work he performed for the Office of the Governor in 2014,

that he was improperly denied federal unemployment benefits by the Illinois Department of Employment Security and an Illinois administrative law judge, that he has been "Blacklisted" and therefore has been unable to secure employment in the public or private sector, and that various Illinois state agencies have failed to investigate his claims. (*See id.* at 1–2.)

Generally, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or" "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff's amended complaint names the State of Illinois as the only Defendant. (See Dkt. No. 10 at 1.) The State of Illinois is a resident of Illinois. And to the extent that Plaintiff intends to assert claims against various agencies of the State of Illinois, they too are residents of Illinois. And the factual allegations set forth in Plaintiff's amended complaint demonstrate that a substantial part of the alleged events giving rise to Plaintiff's claims took place in Illinois. (*See id.* at 1–2.) While Plaintiff asserts that venue is proper in the Western District of Washington, he states only that he "has been unable to proceed in Illinois." (*See id.* at 2) (citing 28 U.S.C. § 1391(b)(3)). Plaintiff's cursory statement is insufficient to show that there is no district in which an action may be brought pursuant to 28 U.S.C. §§ 1391(b)(1) or 1391(b)(2) or that the State of Illinois or its agencies are subject to the Court's personal jurisdiction with respect to this case. *See* 28 U.S.C. § 1391(b)(3).

Therefore, the Court finds that venue is proper in the United States District Court for the Central District of Illinois, not in this Court. *See* 28 U.S.C. § 1391(b). The Court concludes that

it is in the interest of justice to transfer the instant action so that the Central District of Illinois can screen the case under its own requirements and 28 U.S.C. § 1915. Accordingly, this case is hereby TRANSFERRED to the United States District Court for the Central District of Illinois. The Clerk is DIRECTED to take the steps necessary to transfer this case. The Clerk is further DIRECTED to send a copy of this order to Plaintiff.

DATED this 30th day of December 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE